UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL LAMAR MARSHALL,

                    Plaintiff,                                Case No. 15-mc-50064

                                                         Paul D. Borman
v.                                               United States District Judge

JOHN WALLER, Office Manager,
MICHIGAN REHABILITATION
SERVICES,

                    Defendants.

_____/

ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
DENYING (1) PLAINTIFF'S MOTION FOR LEAVE TO FILE NEW CIVIL RIGHTS
COMPLAINT (ECF NO. 2);
(2) PLAINTIFF'S MOTION FOR IMMEDIATE CONSIDERATION AND EVIDENTIARY
HEARING (ECF NO. 3);
(3) MOTION TO AMEND (ECF NO. 5);
AND DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH
JUDGE GEORGE CARAM STEEH'S NOVEMBER 21, 2000 ORDER ENJOINING
PLAINTIFF FROM FURTHER FILINGS WITHOUT LEAVE OF COURT

On January 16, 2015, Plaintiff Darrell L. Marshall filed a Complaint and Application to

Proceed *In Forma Pauperis*.  On January 23, 2015, Plaintiff filed a Motion for Leave to File New

Civil Rights Complaint.  (ECF No. 2.)  The Court GRANTS Plaintiff's application to proceed

without prepayment of fees, DENIES the motion for leave and DISMISSES Plaintiff's Complaint

for failure to comply with Judge George Caram Steeh's November 21, 2000 Order enjoining

Plaintiff from filing further lawsuits without leave of Court.  *See Darrell L. Marshall v. City of*

*Detroit and Wayne County*, et al., No. 00-cv-74576 (E.D. Mich. 2000) (ECF No. 6, Order Granting

Plaintiff In Forma Pauperis Status and Dismissing Case Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

1

and Enjoining Plaintiff from Filing Further Lawsuits Without Leave of Court.)

Judge Steeh's Order directed Plaintiff as to the exact requirements with which Plaintiff must comply in seeking leave to file additional matters in this Court:

> To obtain leave, Mr. Marshall MUST initially comply with all of the following requirements:
>
> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint;
> 2. As an exhibit to that motion, he must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new issue which has never been raised by him in court;
> 3. By means of a second exhibit, he must identify and list the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file;
> 4. As a third exhibit, he must provide a copy of each such complaint and a certified record of its disposition. He must serve a copy of this order on each defendant if and when leave to serve is granted;
> 5. As a fourth exhibit, he must append this order.
>
> Failure to comply with these terms may itself be grounds for denying any motion for leave to file a complaint. Compliance with these terms does not, of itself, constitute grounds for granting leave to file a complaint.

*Marshall v. City of Detroit, et al.,* No. 00-cv-74576 (ECF No. 6, Order) (Emphasis in original).

Plaintiff filed his Complaint on January 16, 2015, and filed his motion for leave to file that Complaint on January 23, 2015. He then filed a "Motion for Immediate Consideration and Evidentiary Hearing" and a "Motion to Amend his Motion for Leave to File," both on January 28, 2015. In none of these filings, either individually or collectively, has Plaintiff complied with the requirements of Judge Steeh's November 21, 2000 Order, which is quoted in full above and clearly explains to Plaintiff each of the steps he MUST take, and the exhibits he MUST submit, in order to receive consideration of the right to file any further action in this Court. Accordingly, the Court

2

DENIES Plaintiff's motion for leave (ECF No. 2), motion for immediate consideration (ECF No. 3) and motion to amend (ECF No. 5) and DISMISSES his Complaint.

This Court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2015.

s/Deborah Tofil
Case Manager