UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL LAMAR MARSHALL,

    Plaintiff,

v.

JOHN WALLER, Office Manager,
MICHIGAN REHABILITATION
SERVICES,

    Defendants.
_____/

Case No. 15-mc-50064

Paul D. Borman
United States District Judge

OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR IMMEDIATE
CONSIDERATION OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS
(ECF NO. 11) AND CERTIFYING PURSUANT TO 28 U.S.C. § 1915(a)(3)
THAT AN APPEAL IS NOT TAKEN IN GOOD FAITH

Plaintiff is an enjoined filer in this District and, on February 3, 2015, this Court entered an Order dismissing his Complaint for failure to comply with Judge George Caram Steeh's November 21, 2000 Order enjoining him from filing further actions in this Court without first seeking leave of Court and complying with certain explicit conditions precedent to seeking such leave. (ECF No. 6, 2/3/15 Order.) This Court also certified in that February 3, 2015 Order that any appeal from that decision would be frivolous and not in good faith based upon Plaintiff's blatant failure to comply with the clear requirements of Judge Steeh's November 21, 2000 Order. The good faith standard is an objective one and the movant must demonstrate a substantial question that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). As this Court noted in its February 3, 2015 Order, Plaintiff in this case completely failed to comply with the clear directives of Judge Steeh's order enjoining him from filing further actions in this Court without properly seeking leave to do

1

so. Any appeal of this Court's Order, therefore, would present a frivolous and insubstantial question for review. The Court certified in its February 3, 2015 Order therefore, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from that Order could not be taken in good faith and could not be taken *in forma pauperis*.

On February 9, 2015, Plaintiff filed a Notice of Appeal of this Court's February 3, 2015 Order. (ECF No. 8, Notice of Appeal.) Once a notice of appeal has been filed, the Court generally loses jurisdiction over the case. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Despite the fact that this Court stated in its February 3, 2015 Order that an appeal could not be taken *in forma pauperis*, Plaintiff filed in this Court an Application to Proceed Without Prepayment of Fees (ECF No. 9) and a subsequent Motion for Immediate Consideration of Motion to Proceed In Forma Pauperis on Appeal (ECF No. 11). Liberally construing Plaintiff's Motion for Immediate Consideration as one for reconsideration of the Court's earlier certification that an appeal could not be taken in good faith, the Court DENIES the Motion for Immediate Consideration as it presents issues already ruled upon by the Court, either expressly or by reasonable implication. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001) ("A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.").

The Court again certifies under 28 U.S.C. § 1915(a)(3), for the reasons stated in its February 3, 2015 Order, that any appeal in this matter by Plaintiff can not be taken in good faith given Plaintiff's blatant failure to comply with the clear terms of Judge Steeh's November 21, 2000 Order and, therefore, Plaintiff may not proceed on appeal in forma pauperis. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1949630, at *1 (E.D. Mich. May 13, 2010) (certifying under 28 U.S.C. §

1915(a)(3) that any appeal by plaintiff would not be taken in good faith).

The proper procedure when a district court has certified that an appeal is not taken in good faith is to file a motion in the Sixth Circuit Court of Appeals to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(5); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R. App. P. 24(a)(4), a motion with this court for leave to proceed as a pauper on appeal."). Plaintiff should direct his motion to proceed on appeal in forma pauperis to the Sixth Circuit Court of Appeals.[1]

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Immediate Consideration of Motion to Proceed on Appeal In Forma Pauperis (ECF No. 11) and CERITIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal in this matter by Plaintiff would not be taken in good faith. The Clerk of the Court is directed to provide notice to the parties and the Court of Appeals of this Court's decision as required by Fed. R. App. P. 24(a)(4). Plaintiff must pay the filing fee in the Court of Appeals or, within 30 days after service of this Order, file a motion for leave to appeal in forma pauperis with the Court of Appeals as specified by Fed. R. App. P. 24(a)(5). IT IS SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2015

---

[1] Plaintiff is well aware of the rules governing appeals to the Sixth Circuit as he has a long history of appeals to the Sixth Circuit. *See, e.g., Marshall v. City of Detroit, et al.*, No. 13-1755 (6th Cir. Oct. 21, 2013) (Order denying Marshall leave to appeal in forma pauperis).

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 19, 2015.

                                         s/Deborah Tofil
                                         Case Manager